**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth Wagner, Esq. (317098)
elizabeth@kazlg.com
1303 East Grand Ave., Ste. 101
Arroyo Grande, CA 93420
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EARL BROWNE,** | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** |
| v. | |
| **CAPITAL ONE BANK (USA) N.A.,** | I.   **THE ELECTRONIC FUND TRANSFERS ACT, 15 U.S.C. § 1693, ET SEQ.;** |
| Defendant. | II.  **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE § 1788, ET SEQ.;** |
| | III. **CALIFORNIA'S IDENTITY THEFT ACT, CALIFORNIA CIVIL CODE § 1798.92, ET SEQ.** |
| | IV.  **NEGLIGENCE; AND,** |
| | V.   **CONVERSION** |
| | **JURY TRIAL DEMANDED** |

Case No.:                                                                 *Browne v. Capital One*
COMPLAINT

# INTRODUCTION

1. Congress has found that the use of electronic systems to transfer funds provides the potential for substantial benefit to consumers. Due to the unique characteristics of such systems, Congress passed the Electronic Funds Transfer Act to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer systems, most particularly, to provide consumers with individual rights.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. EARL BROWNE ("Plaintiff") by Plaintiff's attorneys, brings this action to challenge the actions of CAPITAL ONE BANK (USA), N.A. ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendant's violations of (i) the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"); (ii) the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 ("RFDCPA"); (iii) California's Identity Theft Act, Cal. Civ. Code § 1798.92, et seq. ("CITA"); (iv) negligence; and, (v) conversion.

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Solano, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducts business within this judicial district.

# PARTIES

13. Plaintiff is a natural person who resides in the County of Solano, State of California, from whom debt collectors sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h); and, a "consumer" as that term is defined by 15 U.S.C. § 1693a(6).

14. Plaintiff is a victim of "identity theft" as that term is defined by Cal. Civ. Code § 1798.92(b).

15. Defendant is a corporation incorporated in the State of Delaware with its principal place of business in McLean, Virginia.

16. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

17. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

18. Defendant is a "claimant" as that term is defined by California Civil Code § 1798.92(a).

19. Defendant is also a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j) and used throughout EFTA and a "financial institution" as defined by 15 U.S.C. § 1693a(9).

20. The term "electronic fund transfer" which means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, and transfers initiated by telephone. *See* 15 U.S.C. § 1692a(7).

## FACTUAL ALLEGATIONS

21. At all times relevant, Plaintiff is an individual residing within the State of California.
22. At all times relevant, Plaintiff maintained an active and current account with Defendant.
23. In 2013, Plaintiff opened up an account with Defendant.
24. In or about August 2017, Plaintiff went to the State of Georgia for Labor Day weekend.
25. While Plaintiff was in the State of Georgia, an unknown person ordered a credit card through Defendant using Plaintiff's personal identifying information.
26. Said person informed Defendant that Plaintiff's card had been lost and requested that a new card be sent overnight to the unknown person.
27. The address that the replacement card was sent to was an unknown address that was not the address listed on file for Plaintiff.
28. Defendant complied with this request despite the fact that at all relevant times, Plaintiff was not the individual requesting the card replacement.
29. When said unknown person received the card, the person made purchases and cash withdrawals from the card.
30. One such purchase includes a charge on September 1, 2017 to Avis Rent a Car in the amount of $319.40.

31. The purchases and cash withdrawals associated with the fraudulent account were deducted from Plaintiff's own account.

32. Plaintiff's account constitutes an "account" as defined by 15 U.S.C. § 1693a(2); and, 12 C.F.R. 1005.2(b)(1).

33. At no point did Plaintiff provide Plaintiff's consent to Defendant to allow Defendant to unilaterally debit money from Plaintiff's account to satisfy the fraudulent debts of other consumers.

34. These withdrawals were each an unauthorized electronic fund transfer as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).

35. Upon returning from Georgia, Plaintiff received an e-mail from Defendant asking if Plaintiff had requested that a new card be send to him at another address.

36. Plaintiff immediately informed Defendant that he had not done so.

37. Plaintiff also cancelled the card during this time period.

38. In addition, Plaintiff also provided a police report to Defendant.

39. Defendant also informed Plaintiff via written communication dated September 7, 2017 that Defendant was investigating the Avis transaction as a result of Plaintiff's fraud claim.

40. On September 12, 2017, Defendant informed Plaintiff that Plaintiff was not responsible for the Avis charge.

41. However, Defendant has continued to seek payment from Plaintiff each month regarding this charge.

42. Defendant has refused to remedy the account and provide Plaintiff with any information regarding the fraudulent transactions.

43. Defendant utilized Plaintiff's personal funds to satisfy the debt of a third-party for which Plaintiff bore no responsibility thereby taking possession of, and assuming control over, monies owned by Plaintiff for Defendant's personal gain.

Case No.: 5 of 12 *Browne v. Capital One*
COMPLAINT

44. By withdrawing said funds, Defendant deprived and/or prevented access to Plaintiff's funds to pay bills and for personal purposes.
45. Such conduct amounts to civil theft of Plaintiff's property in violation of common law conversion.
46. Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, and abuse. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.
47. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.
48. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and legal status of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.
49. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect on Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.
50. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

///
///
///

51. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

52. Defendant purports to have a claim for, and/or has attempted to collect, money or an interest in property in connection with a transaction procured through identity theft and is therefore "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

53. Defendants' continued illegal collection actions after failing to conduct a reasonable investigation into Plaintiff's identity theft claims violate Cal. Civ. Code § 1798.92 *et seq.*.

54. Through this conduct, Defendant violated 15 U.S.C. § 1693e(a) in that Defendant executed an unauthorized electronic fund transfer from Plaintiff's account to satisfy an alleged debt alleged to be owed by a third-party.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT
## 15 U.S.C. §§ 1693, ET SEQ.

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

57. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

# COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

60. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

# COUNT III

## VIOLATIONS OF THE CALIFORNIA IDENTITY THEFT ACT (CITA)
## CAL. CIV. CODE § 1798.92-1798.97
### [AGAINST ALL DEFENDANTS]

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions constitute numerous and multiple violations of the CITA.

63. Plaintiff brings this action pursuant to Cal. Civ. Code § 1798.93. Plaintiff is the victim of identity theft in connection with the alleged claims of Defendant based upon alleged debts resulting from identity theft.

64. Plaintiff has provided written notice to Defendant that a situation of identity theft exists with respect to the disputed debt. Defendant has failed to investigate Plaintiff's notifications of identity theft which entitles Plaintiff to a judgment pursuant to Cal. Civ. Code § 1798.93.

65. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## COUNT IV

## NEGLIGENCE

### [AGAINST ALL DEFENDANTS]

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. Plaintiff believes and thereon alleges that Defendant owed various duties to Plaintiff pursuant to CITA; the RFDCPA; and, EFTA.  Specifically, Defendant owed a duty to Plaintiff with regard to its manner of debt collection practices.

68. Defendant breached Defendant's duties by engaging in the acts described herein each in violation of CITA; the RFDCPA; and, EFTA.

69. Plaintiff asserts that Defendant is the actual and legal cause of Plaintiff's injuries.

70. Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered severe emotional distress.

71. Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's duties in an oppressive, malicious, despicable, gross and wantonly negligent manner.  As such, said conduct establishes Defendant's conscious disregard for Plaintiff's rights and entitles Plaintiff to recover punitive damages from Defendant.

# COUNT V

## CONVERSION

### [AGAINST ALL DEFENDANTS]

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. Defendant intentionally took monies from Plaintiff's bank account.

74. At all times, Plaintiff owed and/or had full possessory rights over the funds in Plaintiff's bank account.

75. At all times, Defendant had no possessory right to the funds in Plaintiff's bank account.

76. Defendant prevented Plaintiff from having access to and fully deprived Plaintiff of any possessory rights or enjoyment of his chattels or monies described above.

77. The conduct of Defendant was oppressive, fraudulent, malicious and outrageous.

78. Defendant harmed Plaintiff by fully depriving Plaintiff of the full use, value and enjoyment of the chattels or monies described above.

79. Defendant further caused Plaintiff to suffer emotional distress.

80. The conduct of Defendant was a substantial factor in causing Plaintiff this emotional distress and the harm described above in an amount to be proven at trial.

81. Plaintiff is entitled to punitive and exemplary damages in an amount to be established at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);
- an award of actual damages, in an amount to be determined at trial pursuant to Civ. Code § 1798.93(c)(5);
- An award of any equitable relief the court deems appropriate, pursuant to Civ. Code § 1798.93(c)(5);
- A civil penalty up to $30,000.00 pursuant to Civ. Code § 1798.93(c)(5);
- an award of costs of litigation and reasonable attorney's fees, pursuant to Civ. Code § 1798.93(c)(5) against each named Defendant individually;
- a declaration that Plaintiff is not obligated to Defendant in connection with the disputed amount;
- an injunction restraining Defendant from collecting or attempting to collect on the disputed amount, from enforcing or attempting to enforce any security interest or other interest on Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim pursuant to Civ. Code § 1798.93(c)(3);
- General damages according to proof;
- Special damages according to proof;
- Loss of earnings according to proof;
- Costs of suit incurred herein;

- Punitive damages according to proof as to the Fourth and Fifth Causes of Action against Defendant; and,
- any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

82. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 26, 2018                                         Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF